UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATE OF AMERICA                                                                                          PLAINTIFF

v.                                                                              CRIMINAL ACTION NO. 3:07CR-117-S

KENNETH L. WILLIAMS, et al.                                                                                   DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court for consideration of the objections of various defendants to the Findings of Fact, Conclusions of Law, and Recommendations of the United States Magistrate Judge concerning the disposition of five motions to suppress evidence (DNs 64, 109, 110, 203, 215). The magistrate judge conducted an evidentiary hearing on February 9, 2009. After post-hearing briefing, the magistrate judge filed a sixty-four page report recommending the following action:

> 1. That the court suppress evidence seized from the home of defendant Kenneth L. Williams at 9938 Apollo Court and from the gold Suburban automobile located there.
>
> 2. That the court suppress from evidence the storage unit rental receipt taken from Kenneth L. Williams' Lincoln Town Car and copied by law enforcement officers.
>
> 3. That the court suppress evidence seized from the person of Michael Ford at the time of the vehicle stop on January 15, 2006.
>
> 4. That the remaining requests for suppression of evidence be denied.

There was no objection to the recommendation that the court suppress evidence seized from 9938 Apollo Court and from the gold Suburban automobile. Therefore, the magistrate's findings and recommendation will be accepted and adopted on this point.

Similarly, no objection has been raised to suppression of the storage unit rental receipt. The magistrate's ruling will be accepted and adopted, and this item will be suppressed.

- 2 -

The court finds that the objection of the United States to the recommended suppression of evidence seized from the person of Michael Ford is well taken. The magistrate judge stated at p. 61 of his report that "...[i]f the evidence taken from Michael Ford's person and automobile is to be admitted, its seizure must rest upon some other ground than Ford's alleged consent." However, the evidence of record establishes that Ford consented to the search of his person. Unlike the evidence with respect to the search of Ford's vehicle which the magistrate judge characterized as a "he said/he said" situation, the only evidence concerning the search of Michael Ford's person is the testimony of Sgt. Butler that Ford gave consent. Ford testified at the hearing, but was asked only if he consented to the search of the vehicle. Thus the evidence offered by the United States with respect to the consent to search Ford's person stands unrefuted.

The United States must establish by a preponderance of the evidence that Ford validly consented. *Morphis v. United States,* 110 Fed.Appx. 527, 2004 WL 2030043 (6th Cir. Aug. 31, 2004)("An individual may consent to a search of his person, premises, or effects; and such consent to search is valid if it is voluntarily given." *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)."). Although the magistrate judge commented that "the record contains little in the way of factual detail," Magistrate's Report, p. 60, he concludes only that "the Court cannot meaningfully determine whether Defendant Ford voluntarily and intelligently consented to the search of his vehicle," finding a "he said/he said" situation with diametrically opposed testimony of Sgt. Butler and Michael Ford as to the vehicle search. The magistrate inaccurately found, however, that Michael Ford testified that he did not consent. Magistrate's Report, p. 63; *But see,* Tr. of Evid. Hrg, p. 221. Beginning from this erroneous premise, the magistrate judge concluded that there was no valid basis for the search of Ford's person and that the evidence should be suppressed.

In determining whether consent was voluntarily given, the court must examine the totality of the circumstances. *Schneckloth*, *supra.* Neither Ford nor any of the co-defendants who were passengers in his vehicle provided evidence contrary to that of Sgt. Butler. In the absence of any

basis to doubt the testimony of Sgt. Butler on this point, the court will find that Ford consented to the search of his person. Therefore, the evidence seized from his person will not be suppressed.

The additional objections of the defendants are without merit.

Kenneth L. Williams objects that the magistrate judge precluded him from eliciting testimony outside the four corners of the search warrant and affidavit. He does not elaborate on this general objection. There is therefore nothing for the court to address herein.

Williams objects that the magistrate judge assumed facts regarding the inevitable discovery doctrine. We find no error. An ongoing investigation into the activities of Kenneth L. Williams led to the search warrant to place the tracking device in his vehicle. Had the vehicle not been towed on December 21, 2005, the device would have been placed on the vehicle in any event. No error has been shown in the magistrate judge's finding of sufficiency of the search warrant affidavit. Williams was under surveillance and he was observed frequenting the storage unit around the time of the commission of various crimes with which he was suspected to be involved. Despite the suppression of the storage unit rental receipt, the mechanism for inevitable discovery of the evidence in question was clearly in motion. The scenario of inevitable discovery was grounded in facts found by the magistrate judge. Williams contends that, in light of the suppression of the evidence seized from his residence and vehicle, further suppression of evidence is warranted as fruit of the poisonous tree. However, in light of the surveillance establishing Williams' multiple trips to the storage unit,[1] the doctrine of inevitable discovery was properly applied by the magistrate judge.

---

[1] Williams objects to the magistrate judge's finding that he concluded that surveillance "confirmed Williams' visit to the storage unit prior to and directly after committing the credit card and ID thefts in the Louisville area that December." Magistrate's Report, p. 48, noting that Williams stands accused, but presumed innocent of any crime. We note that this is not the magistrate judge's own conclusion, but rather taken from the affirmative statements contained in the affidavit for the search warrant for the storage unit. The United States must, of course, prove Williams guilty beyond a reasonable doubt as to any crime of which he stands accused. The ruling on suppression issues does not suggest anything to the contrary.

The objections of Christopher Allen Kittrell to the magistrate's report warrant little discussion. The magistrate judge concluded that, as to any items seized from his person or any post-arrest statements he may have made,

> "Kittrell was taken into custody immediately following the stop of his vehicle and was arrested based on various traffic offenses witnessed by the police as they followed him that evening. He therefor was subject to the search incident to arrest doctrine as recently redefined in *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009). The interior of his vehicle was separately subject to search under the automobile exception discussed above."

Magistrate's Report, p. 63. Kittrell was stopped and arrested on various traffic violations. As noted by the United States, the fact that he and his vehicle was under surveillance for suspected criminal activity does not render the stop impermissible. *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008). Further, the investigating officers were investigating an alleged credit card theft and fraud conspiracy of which Kittrell was allegedly a member. The criminal conduct was said to have been ongoing over a period of time. Kittrell was suspected of participating in thefts on the day he was stopped on the return trip from Indianapolis. Kittrell and others were observed engaging in the precise pattern of activity which the informant described as the method by which thefts were conducted. Kittrell need not have been shown to have engaged in particular criminal acts on occasions prior to the day in question if he was shown to have associated himself with the alleged co-conspirators and was engaged in suspected criminal activity prior to the stop. *United States v. Hughes*, 895 F.2d 1135, 1141 (6th Cir. 1990)(defendants involved in single criminal venture with more than one phase of criminal activity). When Kittrell's vehicle was stopped and he was arrested, there was a fair probability that contraband or evidence of a crime would be found in his vehicle. Therefore, the magistrate judge correctly applied the automobile exception in recommending that we uphold the warrantless search of Kittrell's vehicle.

Michael Ford objects to the warrantless search of the trunk of his vehicle after he was stopped on his return from Indianapolis. Michael Ford, Keith Ford and Frederick Malone were

travelers in that vehicle. Ford contends that the only evidence giving rise to a suspicion of criminal activity was seized from the person of Frederick Malone, not from the passenger compartment of the vehicle. He contends that there was no evidence that Malone acted in concert with anyone and therefore the search of the trunk was not based upon probable cause to believe that fruits of criminal activity would be found there. "The court's determination of whether probable cause existed at the time of the search is a 'commonsense, practical question' to be judged from the totality of the circumstances." *Smith v. Thornburg*, 136 F.3d 1070, 1074-75 (6th Cir. 1998). The court looks at the "objective facts known to the officers at the time of the search." *Id.* "Probable cause 'may come from a confidential informant's tip, when sufficiently detailed and corroborated by the independent investigation of law enforcement officers.'" *United States v. Smith,* 510 F.3d 641, 648 (6th Cir. 2007), *quoting, United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998). As set forth in the magistrate judge's findings, The method by which the crimes were allegedly perpetrated by the defendants was meticulously detailed by the informant. Surveillance revealed the course of activities allegedly used by these individuals as described by the informant. Thereafter, a search of the person of Frederick Malone, an alleged co-conspirator and passenger in the vehicle of Michael Ford, yielded fruits of the alleged criminal activity. From the totality of the circumstances and all information known to the officers at the time of the stop, a fair probability existed that evidence of criminal activity would be found in the trunk. *United States v. Riedesel*, 987 F.2d 1383, 1389 (8th Cir. 1993).

Objections having been made and for the reasons set forth herein, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1.  The objections of the defendant, Michael Ford to the findings and recommendations of the magistrate judge (DN 284) are **DENIED.**

2. The objection of the United States to the findings and recommendations of the magistrate judge (DN 285) is **GRANTED.**

3. The objections of the defendant, Christopher Allen Kittrell, to the findings and recommendations of the magistrate judge (DN 286) are **DENIED.**

4. The objections of the defendant, Kenneth L. Williams, to the findings and recommendations of the magistrate judge (DN 287) are **DENIED.**

5. The Findings of Fact, Conclusions of Law, and Recommendations of the United States Magistrate Judge (DN 279) are **ACCEPTED AND ADOPTED with the exception of the following:**
   The findings of fact, conclusions of law, and recommendation with respect to the suppression of evidence from the person of Michael Ford (found at Magistrate's Report, pp. 61-63) are rejected. The court's analysis in this opinion with respect to the search of Michael Ford's person constitutes the ruling of the court on this issue. The evidence seized from the person of Michael Ford will not be suppressed.

6. The motions of the defendant, Kenneth L. Williams, to suppress evidence seized from the search of his home and vehicle (DNs 109, 110) are **GRANTED.**

7. The motion of the defendant, Kenneth L. Williams, seeking suppression of evidence relating to the seizure of his vehicle and the installation of an electronic tracking device (DN 64) is **GRANTED IN PART AND DENIED IN PART.**

8. The motion of the defendant, Michael Ford, to suppress evidence seized from his vehicle (DN 203) is **DENIED.**

9. The motion of the defendant, Christopher Allen Kittrell, to suppress evidence seized from his vehicle (DN 215) is **DENIED.**

10. The following items are **SUPPRESSED FROM EVIDENCE AT THE TRIAL OF THIS MATTER:**

   A. The items seized from 9938 Apollo Court, Louisville, Kentucky, on January 4, 2006.

   B. The items seized from the gold Suburban automobile of Kenneth L. Williams on January 4, 2006.

   C. The photocopy of the storage unit rental receipt for Stor-All storage unit #5592 obtained on December 21, 2005.

**IT IS SO ORDERED.**

August 18, 2009

**Charles R. Simpson III, Judge**
**United States District Court**