UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                  CRIMINAL ACTION NO. 3:07CR-117-S

KENNETH L. WILLIAMS, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the defendants, Sky Greenlee, Darren Williams, Michael Allen Ford, Christopher Allen Kittrell, Kenneth L. Williams, Frederick Malone, and James Quisenberry, for severance of counts and/or defendants for trial of this matter (DNs 190, 193, 199, 217, 224, 226, 303).[1]

The Second Superseding Indictment in this case charges two conspiracies. The first conspiracy, charged in Counts 1 through 13, charges eight defendants with conspiracy to commit bank fraud and with various acts of identity theft and obstruction of justice alleged to have been committed in furtherance of the conspiracy from January 1, 2000 through January 15, 2006. The second conspiracy, charged in Counts 14 through 19, is brought only against Kenneth A. Williams and James Quisenberry for conspiring to commit bank fraud along with five counts of aggravated identity theft occurring in May, 2006. Kenneth A. Williams is a named co-conspirator in both conspiracies. In summary, the Second Superseding Indictment charges the following:

---

[1] Darren Williams has moved to adopt the motion of Sky Greenlee (DN 193). Michael Allen Ford has filed his own motion for severance urging the same basis for severance, but seeking severance of a number of additional or different counts of the Second Superseding Indictment. Kittrell, Kenneth L. Williams, Malone, and Quisenberry have all filed separate motions for severance. These motions will be addressed together herein.

- 2 -

| Count(s): | Charge(s): | Defendant(s): |
|---|---|---|
| 1 | Conspiracy to Commit Bank Fraud (January 1, 2000-January 25, 2006) | Kenneth L. Williams, Kenneth A. Williams, Darren Williams, Sky Greenlee, Frederick Malone, Christopher Allen Kittrell, Michael Allen Ford, Keith Ford |
| 2 | Identity Theft | Kenneth L. Williams, Kenneth A. Williams |
| 3-4 | Identity Theft | Kenneth L. Williams, Darren Williams, Sky Greenlee |
| 5 | Aggravated Identity Theft | Kenneth L. Williams, Kenneth A. Williams |
| 6-9 | Aggravated Identity Theft | Kenneth L. Williams, Darren Williams, Sky Greenlee |
| 10-11 | Aggravated Identity Theft | Frederick Malone |
| 12 | Obstruction of Justice | Kenneth L. Williams |
| 13 | Obstruction of Justice | Frederick Malone, Christopher Allen Kittrell, Michael Allen Ford, Keith Ford |
| 14 | Conspiracy to Commit Bank Fraud (May 1, 2006-May 31, 2006) | Kenneth A. Williams, James Quisenberry |
| 15-19 | Aggravated Identity Theft | Kenneth A. Williams, James Quisenberry |
| 20 | Forfeiture | All defendants |

Fed.R.Crim.P. 8(a) provides that two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed.R.Crim.P. 8(b) permits two or more defendants to be joined in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.

The defendants have moved for severance in accordance with Fed.R.Crim.P. 14(a) which provides that the court may order separate trials of counts or defendants if the joinder of offenses or defendants will prejudice a defendant or the United States. They urge that the joinder of various charges alleging acts of identity theft by various defendants in various states over a period of years do not establish a common scheme or plan, nor are the various named defendants shown to have participated in the same act or transaction or series of acts or transactions, and thus are improperly joined. They further contend that the joinder of the second conspiracy with the first is similarly improper and is prejudicial.

The United States Supreme Court stated in *Zafiro v. United States*, 506 U.S. 537, 539, 113 S.Ct. 933,938,122 L.Ed.2d 317 (1993) that:

> ...when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence...When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but...less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice...[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials.

Simply because the various overt acts occurred over a number of years and involved various defendants at different times does not render the counts or defendants improperly joined. There are eight defendants charged in the first conspiracy (Count 1) which details the method and purpose of the scheme. As noted in *United States v. Goble*, 512 F.2d 458, 464-65 (6th Cir.), *cert. denied*, 423 U.S. 914 (1975),

> It is well settled, however, that, "[c]onspiracy law does not require a direct connection with all conspirators in the sense of person-to-person communication, or even specific knowledge of their identities." *United States v. Greer*, 467 F.2d 1064, 1070 (7th Cir. 1972), *cert. denied*, 410 U.S. 929, 93 S.Ct. 1364, 35 L.Ed.2d 590 (1973). *See also, United States v. Jones*, 425 F.2d 1048, 1051 (9th Cir. 1970), *cert. denied*, 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970); *United States v. Andolschek*, 142 F.2d 503, 507 (2d Cir. 1944). Even though in this case the overt acts charged in the indictment occurred over a period of years and involved various combinations of defendants, it was still possible for the jury reasonably to conclude that one conspiracy existed.

Thus, as to Count 1 through 13, we conclude that the counts and defendants therein are properly joined. Count 1 of the Second Superseding Indictment describes the first alleged conspiracy. In particular, it is alleged that:

> Between January 2, 2000 and January 5, 2006, Kenneth Lamont Williams, Darren Williams, Sky Royce Greenlee a/k/a Jason Caldwell, Kenneth A. Williams, Frederick Malone, Christopher Allen Kittrell, Michael Allen Ford, Keith Ford, along with John Yarbrough and others unknown to the Grand Jury stole and attempted to steal wallets from individuals attending sporting events or other large public gatherings, by using a diversion and then pickpocketing those individuals. The defendants also targeted elderly and other individuals at restaurants, gas stations, and other public locations using the same methods.

(Second Superseding Indictment, Count 1, Object and Means and Manner of the Conspiracy, subparagraph 2). These eight named defendants are alleged to have committed these acts in furtherance of the conspiracy to commit bank fraud. The remaining paragraphs under Count 1 as well as Counts 2 through 11 (charging various acts of identity theft), 12 (charging destruction of evidence) and 13 (charging removal and destruction of a tracking device) detail acts allegedly committed by the various defendants in furtherance of the conspiracy. While each defendant is not alleged to have participated in all of the enumerated acts, they are charged with participating in various criminal activities over a period of time in furtherance of the overall common scheme or plan. We find nothing to warrant severance of any counts or defendants with respect to the first thirteen counts of the indictment.

We have a different opinion with respect to Counts 14 through 19. The United States urges that there is an overarching common scheme or plan which ties the two conspiracies together. It also

urges that Kenneth A. Williams was a co-conspirator in both conspiracies, and thus there is a common participant who links the two conspiracies.  While there is a preference for joint trials of defendants who are indicted together (*see, United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)), we find a number of considerations which militate against joint trial in this instance.

While Kenneth A. Williams is charged in both conspiracies, seven of the co-conspirators are not.  Williams' only co-conspirator in the second conspiracy is not named in any count with any other defendant but Williams.

The second conspiracy is alleged to have existed from May 1, 2006 through May 31, 2006.  The first conspiracy is alleged to have ended about January 25, 2006.  Therefore, there is no overlap between the periods of the conspiracies and, in fact, there was a lapse of more than three months before Kenneth A. Williams conspired with James Quisenberry.

Additionally, the United States' assertion that the two bank fraud conspiracies are similar overlooks some critical differences in their means and manner.  The first conspiracy is alleged to have involved pickpocketing at public sporting events.  The second conspiracy is alleged to have involved theft from a safe in a private residence and the murder and attempted murder of the residents.  Despite the fact that the purpose in both conspiracies is alleged to be bank fraud through the use of stolen documents, we find that the similarities end there.  The additional allegation that the Williams/Quisenberry conspiracy did not come into existence until some three months after the end of the first leads the court to the conclusion that the seven defendants named only in the first conspiracy will suffer undue prejudice from a trial of the later conspiracy involving a home invasion and crimes of extreme violence to the victims. We conclude that counts 15 through 19 of the Second Superseding Indictment should be severed for purposes of trial.[2]

---

[2] To the extent that Count 20 seeks forfeiture of any property in which James Quisenberry has any interest, that count will be severed also.  No specific items in Count 20 which are alleged to be property of either James Quisenberry or Kenneth A. Williams.

Motions having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the defendants, Sky Royce Greenlee, Darren Williams, Michael Allen Ford, Christopher Allen Kittrell, Kenneth L. Williams, Frederick malone, and James Quisenberry, for severance (DNs 190, 193, 199, 217, 224, 226, 303) are **GRANTED IN PART AND DENIED IN PART. COUNTS 1 THROUGH 13 AND 14 THROUGH 19 SHALL BE TRIED SEPARATELY. THIS ORDER SHALL ALSO APPLY TO ANY CORRESPONDING CLAIMS OF FORFEITURE ENCOMPASSED BY COUNT 20.** In all other respects the motions are **DENIED**.

**IT IS SO ORDERED.**

October 27, 2009

**Charles R. Simpson III, Judge**
**United States District Court**